**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **SUNDANCE REHABILITATION CORPORATION,** | ) ) ) | |
| | ) | **Case No. 07 C 6674** |
| **Plaintiff,** | ) | |
| | ) | **Honorable Judge** |
| **vs.** | ) | **George W. Lindberg** |
| | ) | |
| **PROVENA HEALTH,** | ) | **Magistrate Judge Cole** |
| **PROVENA HEALTH SERVICES, INC. and** | ) | |
| **PROVENA SENIOR SERVICES,** | ) | |
| | ) | |
| **Defendants.** | ) | |

— — — — — — — — — — — — — — — — — — — — — — — — — — — —

| | |
|---|---|
| **PROVENA SENIOR SERVICES,** | ) |
| | ) |
| **Counter-Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **SUNDANCE REHABILITATION CORPORATION,** | ) ) |
| | ) |
| **Counter-Defendant.** | ) |

## DEFENDANTS' ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendants, Provena Health and Provena Senior Services (Defendant and

Counter-Plaintiff), by and through their attorneys, file this Answer and Counterclaim to

the Complaint brought by Plaintiff/Counter-Defendant, Sundance Rehabilitation

Corporation ("SunDance"), and in support hereof, state as follows:

1.      SunDance is a Connecticut corporation doing business in the state of
Illinois.  Its principal place of business is at 200 Northpointe Circle, Suite 302, Seven
Fields, Pennsylvania 16046.

733008\2\14601\34330

**Answer:**      Provena Health and Provena Senior Services have insufficient

knowledge to admit or deny the allegations contained in paragraph 1, and therefore, said

allegations are denied.

2.      SunDance provides contract therapy services to skilled nursing facilities, assisted living communities, continuing care retirement communities, hospitals, and outpatient rehabilitation settings.  Therapists employed by SunDance are assigned to provide therapy services to patients of SunDance's customers.

**Answer:**      Provena Health and Provena Senior Services have insufficient

knowledge to admit or deny the allegations contained in paragraph 2, and therefore, said

allegations are denied.

3.      Provena Health is an Illinois corporation, with its principal place of business at 19065 Hickory Creek Drive, Suite 300, Mokena, Illinois  60448.

**Answer:**      Admitted.

4.      Provena Senior Services is an Illinois corporation, with its principal place of business at 19065 Hickory Creek Drive, Suite 310, Mokena, Illinois  60448.

**Answer:**      Admitted.

5.      On information and belief, Provena Health Services, Inc. is or was an Illinois corporation doing business in the state of Illinois, including Will County, Illinois, and is or was located at 200 East Court Street, Kankakee, Illinois  60901.  Provena Health Services, Inc. is also known as Provena Senior Services.

**Answer:**      Provena Health and Provena Senior Services deny the allegations

of paragraph 5 specifically and generally.  All allegations related to Provena Health

Services, Inc. are denied.  Provena Health and Provena Senior Services deny that a

corporation known as Provena Health Services, Inc. ever existed in the State of Illinois.

6.      Provena Health owns, and/or controls, and/or is the successor to, Provena Health Services, Inc.

**Answer:**      Provena Health and Provena Senior Services deny the allegations

of paragraph 6 specifically and generally.  All allegations related to Provena Health

Services, Inc. are denied.

      7.      Provena Health owns and/or controls Provena Senior Services.

      **Answer:**      Provena Health and Provena Senior Services admit only that Provena Senior Services is a subsidiary of Provena Health. The remaining allegations contained in paragraph 7 are denied.

      8.      Provena operates long-term care and senior residential facilities in Illinois and Indiana. Provena offers physical therapy services to its facilities' residents by contracting with third-party providers of therapy services.

      **Answer:**      Provena Health denies paragraph 8 to the extent these allegations are directed to Provena Health. Provena Senior Services admits that Provena Senior Services operates senior residential facilities in Illinois and Indiana. Provena Senior Services also admits that Provena Senior Services provides therapy to certain residents through business relationships with third-party therapy providers. All allegations related to Provena Health Services, Inc. are denied. The remaining allegations contained in this paragraph are denied.

      9.      There is diversity of citizenship between SunDance and all defendants.

      **Answer:**      Provena Health and Provena Senior Services have insufficient knowledge to admit or deny the allegations contained in paragraph 9, and therefore, said allegations are denied.

      10.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

      **Answer:**      Provena Health and Provena Senior Services deny the allegations of paragraph 10 specifically and generally.

      11.      SunDance and Provena entered into a Therapy Services Agreement effective January 1, 2002 (the "Agreement"). A copy of the Agreement is attached hereto as Exhibit 1 and incorporated herein by this reference.

**Answer:**       Provena Health denies that it entered into the Therapy Services Agreement effective January 1, 2002.  Provena Senior Services admits only that it entered into the Therapy Services Agreement effective January 1, 2002, and that Exhibit 1 appears to be a copy of the Agreement.  All allegations related to Provena Health Services, Inc. are denied.  The remaining allegations contained in paragraph 11 are denied.

12.     Provena and SunDance entered into the Agreement knowingly and voluntarily.

**Answer:**       Provena Health denies that it entered into the Agreement.  Provena Senior Services admits only that it entered into the Agreement.  All allegations related to Provena Health Services, Inc. are denied.

13.     The Agreement called for SunDance to provide therapy services to the ten facilities identified on Exhibit B attached to the Agreement.

**Answer:**       Provena Health and Provena Senior Services admit that SunDance was required to provide therapy services pursuant to the Agreement from January 1, 2002 through February 1, 2007.  Exhibit B appears to accurately describe the facilities initially covered by the Agreement.  The remaining allegations contained in paragraph 13 are denied.

14.     Effective May 31, 2007, one facility, Provena Villa Fransciscan, was dropped from the Agreement.  That left nine facilities encompassed by the Agreement.

**Answer:**       Provena Health and Provena Senior Services admit that the business relationship with SunDance as it related to Provena Villa Fransciscan was terminated effective May 31, 2007, and that the business relationship continued with respect to nine facilities.

15.     Article 6.1 of the Agreement provided that it was for renewable, one-year terms.  However, under Article 6.2, the Agreement could be terminated by either party

upon 30 days' written notice to the other.

**Answer:**    Provena Health and Provena Senior Services deny that the

Agreement was renewable for one-year terms.  The remaining allegations related to

Article 6.2 of the Agreement are admitted only to the extent they are consistent with the

terms of the Agreement.  The remaining allegations in this paragraph are denied.

16.    In the event of termination of the Agreement, Article 6.3 expressly
declares that certain provisions of the Agreement—including Articles 7.1 and 9—survive
termination of the Agreement.

**Answer:**    Provena Health and Provena Senior Services admit the allegations

contained in this paragraph only to the extent said allegations are consistent with

Article 6.3 of the Agreement.  The remaining allegations contained in this paragraph are

denied.

17.    Article 7.1 of the Agreement provides, in part:  "Each party shall use its
best efforts to preserve the confidentiality of all confidential and/or proprietary
information disclosed to the other party in connection with this Agreement…."

**Answer:**    Provena Health and Provena Senior Services admit the allegations

contained in this paragraph only to the extent said allegations are consistent with

Article 7.1 of the Agreement.  The remaining allegations contained in this paragraph are

denied.

18.    Article 9 of the Agreement provides:

SUNDANCE EMPLOYEES.  During the term of this Agreement and for
one (1) year following termination, [Provena] shall not, directly or
indirectly (*e.g.*, by hiring or using another individual or entity that hires
SunDance's employees or contractors, . . .), employ or contract with (i)
any SunDance employee, agent or representative who provided, managed
or otherwise was involved in the provision of Services at the Facility
within the previous one (1) year . . . .[Provena] shall not induce any
SunDance employee, agent or representative to terminate his/her
relationship with SunDance.  The parties acknowledge that the restrictions
set forth in this Article 9 are reasonable in scope and essential to
SunDance's business interests, and that the enforcement of Article 9 does

not unreasonably restrict [Provena] from engaging in SunDance's Services.  The parties acknowledge that a breach of the covenants contained in this Article 9 shall have irreparable, material and adverse effects on SunDance and damages arising from any such breach may be difficult to ascertain.  Without limiting any other available remedies, SunDance shall have the right to equitable relief, including, but not limited to, an immediate injunction to enjoin [Provena's] breach of this Article 9 and, if permitted by applicable law, the right to liquidated damages in an amount equal to one hundred percent (100%) of the employee's annual salary.

**Answer:**    Provena Health and Provena Senior Services admit only that the foregoing allegation is a partial, altered quote of Article 9 of the Agreement.  The remaining allegations contained in paragraph 18 are denied.  All allegations related to Provena Health Services, Inc. are denied.

19.    During the entire term of the Agreement, Provena did not notify SunDance of any material breach by SunDance of any of SunDance's obligations under the Agreement.

**Answer:**    Provena Health and Provena Senior Services deny the allegations of paragraph 19 specifically and generally.  All allegations related to Provena Health Services, Inc. are denied.

20.    SunDance at all times provided the services required by the Agreement.

**Answer:**    Provena Health and Provena Senior Services deny the allegations of paragraph 20 specifically and generally.

21.    By letter dated September 26, 2007, Provena notified SunDance that it was terminating the Agreement in its entirety, effective November 1, 2007.  A copy of the September 26, 2007 termination notice is attached hereto as Exhibit 2 and incorporated herein by this reference.

**Answer:**    Provena Health denies paragraph 21 to the extent these allegations are directed to Provena Health.  Provena Senior Services admits only that Exhibit 2 appears to be an accurate copy of the letter dated September 26, 2007, and that Provena Senior Services terminated the business relationship effective November 1, 2007.  The

remaining allegations contained in paragraph 21 are denied.  All allegations related to

Provena Health Services, Inc. are denied.

22.     Select Rehabilitation Corporation ("Select Rehabilitation") is a direct
competitor of Sundance.

**Answer:**     Provena Health and  Provena Senior Services have insufficient

knowledge to admit or deny the allegations contained in paragraph 22, and therefore, said

allegations are denied.

23.     On information and belief, on or before September 27, 2007, Provena
negotiated with Select Rehabilitation, the result of which was that Select Rehabilitation
would replace SunDance as the therapy-services provider to Provena's patients.  Select
Rehabilitation was to replace SunDance upon termination of the Agreement between
Provena and SunDance.

**Answer:**     Provena Health denies paragraph 23 to the extent these allegations

are directed to Provena Health.  Provena Senior Services admits that Provena Senior

Services contracted with Select Rehabilitation to provide therapy at Provena Senior

Services facilities as of November 1, 2007.  Provena Senior Services admits further that

Provena Senior Services terminated its relationship with SunDance by a letter dated

September 27, 2007.  All allegations related to Provena Health Services, Inc. are denied.

24.     At least as early as September 27, 2007, Provena began directly
communicating with SunDance employees who had been providing therapy services to
Provena's patients pursuant to the Agreement.  A copy of one such communication, a
one-page fax entitled "Next steps," is attached as Exhibit 3 hereto and incorporated
herein by this reference.

**Answer:**     Provena Health denies paragraph 24 to the extent the allegations

are directed to Provena Health.  Provena Senior Services admits that Provena Senior

Services advised SunDance employees that the relationship with SunDance had been

terminated  effective November 1, 2007, and that Select Rehabilitation had been retained

to provide therapy services to residents effective November 1, 2007.  Provena Senior

Services admits that Exhibit 3 appears to be a copy of a memorandum distributed to

therapists impacted by the termination of the SunDance Agreement.  All allegations

related to Provena Health Services, Inc. are denied.

25.     On information and belief, Provena provided to Select Rehabilitation personnel information regarding SunDance employees, which employees Provena desired to be retained by Select Rehabilitation to provide services to Provena's patients.

**Answer:**     Provena Health denies paragraph 25 to the extent these allegations

are directed to Provena Health.  Provena Senior Services admits only that Provena

provided the names of SunDance therapists to Select Rehabilitation and further advised

whether Provena Senior Services desired Select Rehabilitation to not retain certain

therapists for the provision of therapy services to patients.  All allegations related to

Provena Health Services, Inc. are denied.  The remaining allegations contained in

paragraph 25 are denied.

26.     Provena's communications to SunDance employees was [sic] in furtherance of at least two purposes:  to advise SunDance employees that Provena wanted them to continue providing therapy services to Provena's patients; and to encourage SunDance employees to seek employment with Select Rehabilitation.

**Answer:**     Provena Health denies paragraph 26 to the extent the allegations

are directed to Provena Health.  Provena Senior Services admits only that it advised

SunDance therapists that SunDance had been terminated as the therapy provider for the

facilities in question.  Provena Senior Services has insufficient knowledge to admit or

deny the content or "purposes" of unspecified communications, and therefore, said

allegations are denied.  All allegations related to Provena Health Services, Inc. are

denied.

27.     Provena engaged in such communications with SunDance employees without the consent or approval of SunDance.

**Answer:**     Provena Health denies paragraph 27 to the extent these allegations

are directed to Provena Health.  Provena Senior Services denies that Provena Senior

Services engaged in "such communications", because such a vague allegation cannot be

admitted or denied.  Therefore, Provena Senior Services denies the allegations contained

herein.  All allegations related to Provena Health Services, Inc. are denied.

28.     Provena engaged in such communications with SunDance employees at a time that said employees remained in SunDance's employ.

**Answer:**     Provena Health denies paragraph 28 to the extent these allegations

are directed to Provena Health.  Provena Senior Services denies that Provena Senior

Services engaged in "such communications", because such a vague allegation cannot be

admitted or denied.  Therefore, Provena Senior Services denies the allegations contained

herein.  All allegations related to Provena Health Services, Inc. are denied.

29.     At the time of the communications between Provena and SunDance's employees, SunDance had no intention of unilaterally terminating the employment of those employees.

**Answer:**     Provena Health denies that it engaged in any communications with

SunDance employees.  Provena Senior Services has insufficient knowledge to admit or

deny the allegations contained in this paragraph, and therefore, said allegations are

denied.  All allegations related to Provena Health Services, Inc. are denied.

30.     Provena provided to Select Rehabilitation personnel information on Sundance employees without the consent or approval of SunDance.

**Answer:**     Provena Health denies paragraph 30 to the extent the allegations

are directed to Provena Health.  Provena Senior Services admits only that it provided the

names of SunDance employees to Select Rehabilitation.  All allegations related to

Provena Health Services, Inc. are denied.  The remaining allegations contained in this

paragraph are denied.

31.     Provena provided to Select Rehabilitation personnel information on

SunDance employees at a time that said employees remained in SunDance's employ.

**Answer:**      Provena Health denies paragraph 31 to the extent the allegations are directed to Provena Health.  Provena Senior Services admits only that it provided the names of SunDance employees to Select Rehabilitation.  All allegations related to Provena Health Services, Inc. are denied.  The remaining allegations contained in this paragraph are denied.

32.      At the time Provena provided to Select Rehabilitation personnel information on SunDance's employees, SunDance had no intention of unilaterally terminating the employment of those employees.

**Answer:**      Provena Health denies paragraph 32 to the extent the allegations are directed to Provena Health.  Provena Senior Services admits only that it provided the names of SunDance employees to Select Rehabilitation.  Provena Senior Services has insufficient knowledge to admit or deny the "intention" of SunDance, and therefore, said allegations are denied.  All allegations related to Provena Health Services, Inc. are denied.  The remaining allegations contained in this paragraph are denied.

33.      By letter dated September 28, 2007 from SunDance to Provena, SunDance notified Provena that Provena had engaged in conduct that violated Article 9 of the Agreement.  SunDance also expressly directed Provena to cease and desist from soliciting SunDance employees or inducing SunDance employees to terminate their employment with SunDance.  SunDance further advised Provena that, if it did not cease its unlawful conduct, SunDance would seek judicial relief, including seeking liquidated damages under Article 9 and its attorneys' fees under Article 10.  A true and correct copy of the September 28, 2007 letter is attached as Exhibit 4 hereto and incorporated herein by this reference.

**Answer:**      Provena Health and Provena Senior Services admit only that Exhibit 4 appears to be an accurate copy of the letter sent by SunDance to Provena Senior Services on or about September 28, 2007.  The remaining allegations in this paragraph are denied to the extent they conflict with the terms of the letter dated September 28, 2007.  All allegations related to Provena Health Services, Inc. are denied.

34.    Provena did not reply to the September 28, 2007 letter from SunDance.

**Answer:**    Provena Health denies paragraph 34 to the extent these allegations are directed to Provena Health.  Provena Senior Services admits only that it did not respond to the letter dated September 28, 2007 until October 18, 2007.  The remaining allegations contained in paragraph 34 are denied.  All allegations related to Provena Health Services, Inc. are denied.

35.    On information and belief, after receipt of the September 28, 2007 letter from SunDance, Provena continued to directly contact SunDance employees to encourage them to seek employment at Select Rehabilitation so that they would continue to provide therapy services to Provena's patients.

**Answer:**    Provena Health denies paragraph 35 to the extent these allegations are directed to Provena Health.  Provena Senior Services has insufficient knowledge to admit or deny the allegations contained in paragraph 35, and therefore, said allegations are denied.  All allegations related to Provena Health Services, Inc. are denied.

36.    SunDance suspected that Provena was intentionally ignoring the September 28, 2007 letter; that Provena was intentionally ignoring Article 9 of the Agreement; and that Provena intended to have all or almost all of SunDance's therapists who had provided services to Provena's patients continue to provide such services. SunDance believed that the stratagem used by Provena to succeed in this regard was to assist Select Rehabilitation in inducing SunDance's employees to resign from SunDance and in becoming employed by Select Rehabilitation to perform the same services for Provena that they had performed while employed by SunDance.  SunDance believed that Provena wanted Select Rehabilitation to have hired SunDance's employees in time to permit those employees to seamlessly continue providing therapy services to Provena's patients following the November 1, 2007 change in therapy-services providers from Sundance to Select Rehabilitation.

**Answer:**    Provena Health and Provena Senior Services have insufficient knowledge to admit or deny what SunDance "suspected" or "believed", and therefore, said allegations are denied.  All allegations related to Provena Health Services, Inc. are denied.  The remaining allegations contained in this paragraph are denied.

37.    Believing that Provena deliberately was ignoring the September 28, 2007

11

letter, on October 11, 2007 SunDance had its counsel send another letter to Provena.  The October 11, 2007 letter essentially reiterated the demands of the September 28 letter—that Provena honor its obligations under Article 9.  The letter also advised Provena that SunDance would take appropriate legal steps to enforce its rights, if necessary, and it advised Provena that Provena must respond to the letter by October 18, 2007.  A true and correct copy of the October 11, 2007 letter is attached hereto as Exhibit 5 and incorporated herein by this reference.

**Answer:**    Provena Health and Provena Senior Services have insufficient knowledge to admit or deny what SunDance was "believing" in October of 2007, and therefore, said allegations are denied.  Provena Health and Provena Senior Services admit only that Exhibit 5 appears to be an accurate copy of the letter sent by SunDance counsel on October 11, 2007.  All allegations related to Provena Health Services, Inc. are denied.  The remaining allegations contained in this paragraph are denied.

38.    By letter dated October 18, 2007, Provena responded to the October 11 letter.  In the letter, Provena essentially denied that Article 9 prohibited it from engaging in the conduct that it had engaged in.

**Answer:**    Provena Health and Provena Senior Services admit only that Provena Senior Services sent a letter dated October 18, 2007 to SunDance.  Provena Health and Provena Senior Services specifically deny that paragraph 38 accurately characterizes the content of the letter dated October 18, and further deny the remaining allegations contained in this paragraph.  All allegations related to Provena Health Services, Inc. are denied.

39.    On October 19, 2007, SunDance's counsel spoke with Provena's in-house counsel in an effort to avoid litigation; and the two agreed to speak again on October 23.  This conversation was memorialized in a letter of that same date.  The October 19, 2007 letter is attached as Exhibit 6 hereto and incorporated herein by this reference.

**Answer:**    Provena Health and Provena Senior Services have insufficient knowledge to admit or deny whether SunDance spoke with Provena's counsel in an effort to avoid litigation, and therefore, said allegations are denied.  Provena Health and

Provena Senior Services admit only that counsel spoke on October 19, 2007, agreed to

speak again on October 23, and that Exhibit 6 appears to be an accurate copy of the letter

sent by SunDance on October 19, 2007.  All allegations related to Provena Health

Services, Inc. are denied.  The remaining allegations contained in this paragraph are

denied.

40.     Provena's in-house counsel and SunDance's counsel spoke on
October 23, 2007, but no specific proposal was made to resolve the matter, as Provena's
in-house counsel stated he still needed to speak to others at Provena, and that he thought
he would be in a position to further discuss a resolution on October 25, 2007.  This
conversation was memorialized in a letter dated October 25, 2007, a true and correct copy
of which is attached hereto as Exhibit 7 and incorporated herein by this reference.

**Answer:**     Provena Health and Provena Senior Services admit only that

counsel for the respective parties spoke on October 23, 2007, agreed to discuss a

resolution to the matter on October 25, 2007, and that Exhibit 7 appears to be an accurate

copy of the letter sent by SunDance on October 25, 2007.  All allegations related to

Provena Health Services, Inc. are denied.  The remaining allegations in this paragraph are

denied.

41.     On October 26, 2007, Provena's litigation counsel contacted SunDance's
counsel and advised of their representation regarding this matter.

**Answer:**     Admitted.

42.     Subsequently, through counsel, the parties unsuccessfully discussed
whether this matter could be resolved.

**Answer:**     Admitted.

43.     On November 2, 2007, SunDance sent an invoice to Provena.  The invoice
reflected those SunDance employees whom SunDance had reason to suspect were
continuing to provide therapy services to Provena's patients in violation of Article 9 of
the Agreement, and it sought the agreed-upon liquidated damages for each such
employee.  Sundance expressly requested that, if SunDance had included on the invoice
employees who were not being used to provide therapy services to Provena's patients,
then Provena should so notify SunDance of the error.  Provena was given until November
15, 2007, to pay the invoice.  A true and correct copy of the November 2, 2007 letter and

the enclosed invoice is attached as Exhibit 8 hereto and incorporated herein by this reference.

**Answer:**    Provena Health and Provena Senior Services admit only that

Exhibit 8 appears to be an accurate copy of the letter dated November 2, 2007 and related

documents sent by SunDance to Provena Health and Provena Senior Services on

November 2, 2007.  Provena Health and Provena Senior Services deny that the

documents sent on November 2, 2007 constituted an invoice seeking liquidated damages.

Provena Health and Provena Senior Services admit only that the documents sent on

November 2, 2007 constituted an illegal attempt to collect unverified penalties from

Provena Senior Services.  Provena Health and Provena Senior Services admit that

Provena Senior Services was given 13 days to pay the illegal penalties and identify

former SunDance employees who might provide therapy services at nine different

facilities.  All allegations related to Provena Health Services, Inc. are denied.  The

remaining allegations contained in paragraph 43 are denied.

44.    By letter dated November 14, 2007, Provena's litigation counsel advised SunDance's counsel that Provena would not pay the invoice.  A true and correct copy of the November 14, 2007 letter is attached as Exhibit 9 hereto and incorporated herein by this reference.

**Answer:**    Provena Health and Provena Senior Services admit only that

Exhibit 9 appears to be an accurate copy of the letter dated November 14, 2007.  Provena

Health and Provena Senior Services deny that paragraph 44 accurately characterizes the

content of the letter dated November 14, 2007, and further deny the remaining allegations

contained in this paragraph.  All allegations related to Provena Health Services, Inc. are

denied.

45.    In fact, as of the date of this filing, Provena has not paid the invoice or otherwise compensated SunDance pursuant to Article 9 of the Agreement.

**Answer:**    Provena Health and Provena Senior Services admit only that the illegal penalties sought by SunDance have not been paid.  All allegations related to Provena Health Services, Inc. are denied.  The remaining allegations of paragraph 45 are denied.

46.    As of the date of this filing, Provena has not advised SunDance of any employee identified on the invoice who is not, in fact, providing therapy services to Provena's patients.  This is further evidence that Provena is using former SunDance employees to continue to provide therapy services to Provena's patients in violation of Article 9 of the Agreement.

**Answer:**    Provena Health denies paragraph 46 to the extent the allegations are directed to Provena Health.  Provena Senior Services admits only that it has not provided information to SunDance related to the Plaintiff's attempt to collect unenforceable penalties.  Provena Senior Services denies that Provena Senior Services employs any former employees of SunDance to provide therapy services to Provena Senior Services patients, and specifically denies the viability and enforceability of Article 9 of the Agreement.  All allegations related to Provena Health Services, Inc. are denied.

47.    If Provena had refrained for one year from using the services of SunDance's (now former) employees, there would have been no undue hardship on the employees, as they would have remained able to work for any employer—including Select Rehabilitation—and at any facility, excepting only those Provena facilities that were covered by the Agreement.

**Answer:**    Provena Health denies paragraph 47 to the extent the allegations are directed to Provena Health.  Provena Senior Services objects to paragraph 47 to the extent that paragraph 47 poses a hypothetical and includes speculation rather than allegations of fact.  To the extent Provena Senior Services is required to answer hypothetical allegations, Provena Senior Services denies these allegations.  All allegations related to Provena Health Services, Inc. are denied.

48.    Moreover, Provena itself was and is not completely barred from using the employees.  It could have elected to pay the agreed-upon liquidated damages amount for any employee it wished to use.

**Answer:**    Provena Health denies paragraph 48 to the extent the allegations are directed to Provena Health.  Provena Senior Services admits only that it is not "barred" from retaining a competent provider of therapy services which might employ former employees of SunDance.  Provena Senior Services objects to paragraph 48 to the extent that it contains hypothetical allegations rather than allegations of fact.  To the extent Provena Senior Services is required to answer these allegations, Provena Senior Services denies that it has any obligation to pay illegal penalties pursuant to Illinois law.  All allegations related to Provena Health Services, Inc. are denied.

49.    Provena's failure to abide by Article 9 imposes an undue hardship on SunDance.  SunDance's employees are its only real assets.  If Provena is permitted to disregard its promises in Article 9, it essentially would then be permitted—as it has done—to deprive SunDance of its investment in its workforce and turn that investment over to SunDance's competition.  And it has done so without compensating SunDance.

**Answer:**    Provena Health denies paragraph 49 to the extent the allegations are directed to Provena Health.  Provena Senior Services objects to paragraph 49 to the extent that it contains legal conclusions, speculation and argumentative narrative rather than allegations of fact.  To the extent Provena Senior Services is required to respond to these allegations, Provena Senior Services denies that its decision to terminate SunDance due to poor performance of the therapy services obligations imposes an undue hardship on SunDance. Provena Senior Services has insufficient knowledge to admit or deny whether SunDance's employees are its only real assets, and therefore, said allegations are denied.  Provena Senior Services denies that it has deprived SunDance of its workforce or turned over an investment to SunDance's competition.  All allegations related to Provena Health Services, Inc. are denied.  The remaining allegations contained in paragraph 49

are denied.

## COUNT I

## BREACH OF CONTRACT

50.    SunDance re-alleges the allegations of paragraph nos. 1-49 above as if fully set forth herein.

**Answer:**    Provena Health and Provena Senior Services restate and

incorporate by reference herein their responses to paragraphs 1-49 of the Complaint.

51.    As of November 1, 2007, Article 9 of the Agreement prohibits Provena from using the services of the therapists previously employed by SunDance and who, during the 12 months preceding the termination of the Agreement, had provided therapy services under the Agreement.

**Answer:**    Provena Health denies paragraph 51 to the extent the allegations

are directed to Provena Health.  Provena Senior Services denies the legality and

enforceability of Article 9 of the Agreement.  All allegations related to Provena Health

Services, Inc. are denied.  The remaining allegations contained in this paragraph are

denied.

52.    Because it is using therapists encompassed by the prohibition of Article 9 of the Agreement, Provena has breached Article 9.

**Answer:**    Provena Health denies paragraph 52 to the extent the allegations

are directed to Provena Health.  Provena Senior Services denies that it employs therapists

previously employed by SunDance.  Provena Senior Services denies the legality and

enforceability of Article 9 of the Agreement.  All allegations related to Provena Health

Services, Inc. are denied.

53.    And, by failing to pay the liquidated damages called for by Article 9 of the Agreement, Provena also is in breach of Article 9.

**Answer:**    Provena Health denies paragraph 53 to the extent the allegations

are directed to Provena Health.  Provena Senior Services denies that it employs therapists

previously employed by SunDance.  Provena Senior Services denies the legality of

Article 9 of the Agreement.  Provena Senior Services further denies that SunDance is

entitled to the illegal penalties contained in Article 9 of the Agreement.  All allegations

related to Provena Health Services, Inc. are denied.

54.    Because the actual damages to SunDance are difficult if not impossible to
measure precisely, it should be awarded the liquidated damages set forth in Article 9 of
the Agreement.  In the event the Court were to disregard the liquidated damages
provision of Article 9, SunDance reserves the right to seek actual damages in an amount
to be proved at trial.

**Answer:**    Provena Health denies paragraph 54 to the extent the allegations

are directed to Provena Health.  Provena Senior Services denies the allegations contained

in paragraph 54 specifically and generally.  All allegations related to Provena Health

Services, Inc. are denied.

WHEREFORE, Defendants, Provena Health and Provena Senior Services,

respectfully request that the Court dismiss this action with prejudice, ordering SunDance

to pay all costs associated with the action, and granting all other relief which the Court

deems just and equitable.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

55.    SunDance re-alleges the allegations of paragraph nos. 1-54 above as if
fully set forth herein.

**Answer:**    Provena Health and Provena Senior Services restate incorporate by

reference herein their responses to paragraphs 1-54 of the Complaint.

56.    SunDance had existing employment relationships with its employees at
the time that Provena induced and encouraged them to seek employment at Select
Rehabilitation.

**Answer:**    Provena Health denies paragraph 56 to the extent the allegations

are directed to Provena Health.  Provena Senior Services denies that it induced and

encouraged SunDance therapists to seek employment at Select Rehabilitation.  Provena

Senior Services also denies that SunDance had employment relationships with its

employees subsequent to advising them that SunDance had no positions in Illinois for

their services after the termination of the business relationship between Provena and

SunDance.  All allegations related to Provena Health Services, Inc. are denied.

57.    Provena knew of SunDance's employment relationships with those
employees.

**Answer:**    Provena Health denies paragraph 57 to the extent that the

allegations are directed to Provena Health.  Provena Senior Services objects to

paragraph 57 because it does not specify the identity of "those employees".  Provena

Senior Services admits only that it knew that SunDance employed therapists prior to the

termination of the business relationship, and denies the remaining allegations contained

in paragraph 57.  All allegations related to Provena Health Services, Inc. are denied.

58.    Provena intentionally and improperly interfered with SunDance's
relationships with its employees by soliciting, inducing, and/or encouraging them to seek
employment with Select Rehabilitation.

**Answer:**    Provena Health denies paragraph 58 to the extent the allegations

are directed to Provena Health.  Provena Senior Services denies that it interfered with

SunDance's relationships with its employees through solicitation or inducement.

Provena Senior Services has insufficient knowledge to admit or deny the remaining

allegations in paragraph 58, and therefore, said allegations are denied.  All allegations

related to Provena Health Services, Inc. are denied.

59.    Provena's intentional interference with SunDance's relationships with its
employees has damaged SunDance in an amount to be provided at trial.

**Answer:**    Provena Health and Provena Senior Services deny the allegations

of paragraph 59 specifically and generally. All allegations related to Provena Health Services, Inc. are denied.

WHEREFORE, Defendants, Provena Health and Provena Senior Services, respectfully request that the Court dismiss this action with prejudice, ordering SunDance to pay all costs associated with the action, and granting all other relief which the Court deems just and equitable.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
## ILLEGALITY

1.        Article 9 of the Therapy Services Agreement ("Agreement") is an illegal restrictive covenant and restraint on trade which has been interpreted to be unenforceable pursuant to Illinois law.

2.        In Count I of its Complaint, SunDance Rehabilitation Corporation ("SunDance") has alleged that Article 9 prohibits Provena from utilizing a competitive provider of therapy services which might employ therapists previously employed by SunDance.

3.        On information and belief, the SunDance therapists in question were never advised by SunDance that they would be contractually prohibited from continuing to provide therapy services at Provena facilities, nor were they advised that their employment opportunities with other therapy services providers were limited in any way.

4.        Article 9 as interpreted by SunDance is an unreasonable restriction on the freedom of contract because it attempts to bind persons who are not parties to the contract.

5.        Article 9 as interpreted by SunDance places an unreasonable restriction on

the residents and patients of Provena Senior Services with respect to their relationship and course of care with the therapists at issue.

6.      The liquidated damages provision of Article 9 is an unenforceable and illegal penalty pursuant to Illinois law.  The penalty of "one hundred percent (100%) of the employee's annual salary" is not directly related to any actual damages suffered by SunDance.

7.      SunDance does not have an enforceable claim for breach of contract because Article 9 is an unlawful restrictive covenant.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>
<u>**LACK OF STANDING**</u>

1.      SunDance Rehabilitation Corporation, incorporated in Connecticut and licensed to transact business in Illinois as of June 1, 1992, had its authority to transact business in Illinois revoked on November 1, 2000 for failure to file an annual report and failure to pay an annual franchise tax, thereby terminating its existence within the State of Illinois.

2.      A foreign corporation transacting business within the State of Illinois must maintain the requisite license to transact business in the State of Illinois, or it is prohibited from filing suit in any state or federal court located in Illinois.

3.      This action should be dismissed instanter.

WHEREFORE, Defendants, Provena Health and Provena Senior Services, respectfully request that the Court dismiss this action with prejudice, ordering SunDance to pay all costs associated with the action, and granting all other relief which the Court deems just and equitable.

## COUNTERCLAIM

Counter-Plaintiff, Provena Senior Services, by and through its attorneys, submits this counterclaim against Counter-Defendant, SunDance Rehabilitation Corporation, and in support hereof, states as follows:

1.      Provena Senior Services is an Illinois not-for-profit corporation which operates ten long-term care facilities.  Nine of the facilities are located in Illinois, and one of the facilities is located in Indiana.

2.      SunDance Rehabilitation Corporation ("SunDance") is a Connecticut corporation which provided contract therapy services within the State of Illinois.

## JURISDICTION AND VENUE

3.      The Court  possesses diversity jurisdiction over this action because Provena Senior Services and SunDance are corporate citizens of different states.

4.      The amount incurred in controversy exceeds $75,000, exclusive of costs and interest.

## COUNT I – BREACH OF CONTRACT

5.      Provena Senior Services and SunDance entered into a Therapy Services Agreement with an effective date of January 1, 2002 ("Agreement").  A true and correct copy of the Agreement is attached hereto as Exhibit 1.

6.      Article 1.1 of the Agreement provided, in pertinent part, as follows:

> **1.1    Provision of Services.**  SunDance shall provide, through licensed and qualified personnel and in accordance with physician's orders and the applicable plan of care, the following Services to residents at the Facility ("Residents") during normal business hours following authorization in accordance with the provisions of this Agreement and applicable law and payor requirements:

(a)    Speech-language pathology evaluations and treatment;
(b)    Physical therapy evaluations and treatment;
(c)    Occupational therapy evaluations and treatment.

(<u>Exhibit 1</u>, Article 1.1)

7.    SunDance breached Article 1.1 of the Agreement by failing to provide therapy services in accordance with physician's orders.

8.    SunDance breached Article 1.1 by failing to provide therapy services during normal business hours from 9:00 a.m. through 5:00 p.m. at the relevant facilities.

9.    SunDance breached the Agreement by failing to maintain and deliver sufficient documentation for billing purposes in violation of Articles 1.2 and 3.4 of the Agreement.

10.    Provena Senior Services repeatedly advised SunDance that SunDance was failing to provide therapy services in accordance with physician's orders on a six-day-per-week basis.  Provena Senior Services also repeatedly advised SunDance that SunDance was failing to provide therapy services during normal business hours from 9:00 a.m. to 5:00 p.m.  SunDance proved unable or unwilling to remedy these problems as of May of 2007.

11.    Provena Senior Services repeatedly advised SunDance that SunDance was failing to provide the necessary recordkeeping and documentation function in order to properly submit billing for therapy services to the appropriate payors.  SunDance proved unwilling or unable to remedy these problems as of May of 2007.

12.    In May of 2007, Provena Senior Services terminated the business relationship with SunDance at the Villa Franciscan Facility.  Provena Senior Services retained a company known as Select Rehabilitation Corporation ("Select Rehabilitation")

to provide the therapy services at the Villa Franciscan Facility subsequent to the termination of SunDance. Select Rehabilitation improved the staffing, coverage and recordkeeping associated with the Villa Franciscan Facility from May of 2007 through the present.

13.     SunDance continued to breach the terms of the Agreement from May of 2007 through September of 2007 at the other nine Provena Senior Services facilities:

(a)     SunDance breached the Agreement by failing to provide therapy services in compliance with physician orders on a six-day-per-week basis;

(b)     SunDance breached the Agreement by failing to provide therapy services during normal business hours from 9:00 a.m. to 5:00 p.m. at Provena Senior Services;

(c)     SunDance breached the Agreement by failing to maintain and deliver sufficient documentation for the purpose of sending bills to third-party payors; and

(d)     SunDance otherwise breached the Agreement causing financial damages to Provena Senior Services.

14.     Provena Senior Services complied with all material terms of the Agreement and performed the Agreement from January 1, 2002 through November 1, 2007.

15.     Provena Senior Services terminated the Agreement effective November 1, 2007 due to the multiple breaches of contract committed by SunDance.

16.     As a direct and proximate result of the multiple breaches of contract committed by SunDance, Provena Senior Services suffered financial damages, which included the following:

(a)     Lost compensation from third-party payors due to the SunDance failure to provide staffing and appropriate coverage at the facilities;

(b)     Lost referrals due to physicians who would no longer refer patients as a result of SunDance's failure to provide adequate staffing and coverage at the facilities;

(c)     Lower RUG compensation due to SunDance's multiple breaches of contract; and,

(d)     Other financial damages which will be proven at trial.

WHEREFORE, Provena Senior Services respectfully requests that the Court enter judgment in its favor and against SunDance Rehabilitation Corporation for all available remedies and damages pursuant to Illinois law, while granting all other relief which the Court deems just and equitable.

Respectfully submitted,

PROVENA HEALTH and
PROVENA SENIOR SERVICES

Dated:    January 16, 2008          By:    David J. Tecson
                                                On of its attorneys

David J. Tecson
Ryan A. Haas
CHUHAK & TECSON, P.C.
30 South Wacker Drive, Suite 2600
Chicago, IL 60606-7413
(312) 444-9300