IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUNDANCE REHABILITATION CORPORATION, ) ) ) Plaintiff, ) ) vs. ) ) PROVENA HEALTH, ) PROVENA HEALTH SERVICES, INC., ) and PROVENA SENIOR SERVICES, ) ) Defendants. ) | Case No. 07 C 6674<br><br>Hon. George W. Lindberg |

**PLAINTIFF'S ANSWER TO COUNTERCLAIM**

NOW COMES Plaintiff-Counterdefendant SunDance Rehabilitation Corporation ("SunDance"), by its attorneys, and for its answer to the Counterclaim of Defendant Provena Senior Services ("Provena"), states as follows:

PARAGRAPH NO. 1:

Provena Senior Services is an Illinois not-for-profit corporation which operates ten long-term care facilities. Nine of the facilities are located in Illinois, and one of the facilities is located in Indiana.

ANSWER:

On information and belief, SunDance admits the allegations of Paragraph No. 1.


PARAGRAPH NO. 2

SunDance Rehabilitation Corporation ("SunDance") is a Connecticut corporation which provided contract therapy services within the State of Illinois.

ANSWER:

SunDance admits the allegations of Paragraph No. 2.

PARAGRAPH NO. 3:

The Court possesses diversity jurisdiction over this action because Provena Senior Services and SunDance are corporate citizens of different states.

ANSWER:

Paragraph 3 states legal conclusions requiring no answer by SunDance. To the extent Paragraph No. 3 purports to allege facts, SunDance admits them.

PARAGRAPH NO. 4:

The amount incurred in controversy exceeds $75,000, exclusive of costs and interest.

ANSWER:

SunDance denies the allegation of Paragraph No. 4.

PARAGRAPH NO. 5:

Provena Senior Services and SunDance entered into a Therapy Services Agreement with an effective date of January 1, 2002 ("Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit 1.

ANSWER:

For its response, SunDance states that it was a party to a Therapy Services Agreement with an effective date of January 1, 2002 with Provena and that the parties identified in the agreement were SunDance and "Provena Health Services, Inc," and that Exhibit 1 to Provena's Counterclaims appears to be an accurate copy of said agreement.

PARAGRAPH NO. 6:

Article 1.1 of the Agreement provided, in pertinent part, as follows:

1.1 Provision of Services. SunDance shall provide, through licensed and qualified personnel and in accordance with physician's orders and the applicable plan of care, the following Services to residents at the Facility ("Residents") during normal business hours

2

following authorization in accordance with the provisions of this Agreement and applicable law and payor requirements:
   (a) Speech-language pathology evaluations and treatment;
   (b) Physical therapy evaluations and treatment;
   (c) Occupational therapy evaluations and treatment.

(Exhibit 1, Article 1.1)

ANSWER:

For its response, SunDance states that the agreement speaks for itself. To the extent that the allegations of Paragraph No. 6 are inconsistent with the provisions of the agreement, SunDance denies same.

PARAGRAPH NO. 7:

SunDance breached Article 1.1 of the Agreement by failing to provide therapy services in accordance with physician's orders.

ANSWER:

Paragraph 7 states legal conclusions requiring no answer by SunDance. To the extent Paragraph No. 7 purports to allege facts, SunDance denies them.

PARAGRAPH NO. 8:

SunDance breached Article 1.1 by failing to provide therapy services during normal business hours from 9:00 a.m. through 5:00 p.m. at the relevant facilities.

ANSWER:

Paragraph 8 states legal conclusions requiring no answer by SunDance. To the extent Paragraph No. 8 purports to allege facts, SunDance denies them.

PARAGRAPH NO. 9:

SunDance breached the Agreement by failing to maintain and deliver sufficient documentation for billing purposes in violation of Articles 1.2 and 3.4 of the Agreement.

ANSWER:

Paragraph 9 states legal conclusions requiring no answer by SunDance. To the extent Paragraph No. 9 purports to allege facts, SunDance denies them.

PARAGRAPH NO. 10:

Provena Senior Services repeatedly advised SunDance that SunDance was failing to provide therapy services in accordance with physician's orders on a six-day per-week basis. Provena Senior Services also repeatedly advised SunDance that SunDance was failing to provide therapy services during normal business hours from 9:00 a.m. to 5:00 p.m. SunDance proved unable or unwilling to remedy these problems as of May of 2007.

ANSWER:

SunDance denies the allegations of Paragraph No. 10.

PARAGRAPH NO. 11:

Provena Senior Services repeatedly advised SunDance that SunDance was failing to provide the necessary recordkeeping and documentation function in order to properly submit billing for therapy services to the appropriate payors. SunDance proved unwilling or unable to remedy these problems as of May of 2007.

ANSWER:

SunDance denies the allegations of Paragraph No. 11.

PARAGRAPH NO. 12:

In May of 2007, Provena Senior Services terminated the business relationship with SunDance at the Villa Franciscan Facility. Provena Senior Services retained a company known as Select Rehabilitation Corporation ("Select Rehabilitation") to provide the therapy services at the Villa Franciscan Facility subsequent to the termination of SunDance. Select Rehabilitation improved the staffing, coverage and recordkeeping associated with the Villa Franciscan Facility from May of 2007 through the present.

ANSWER:

For its response, SunDance states that Provena terminated its business relationship with SunDance at the Villa Franciscan facility. On information and belief, SunDance admits that Provena replaced SunDance with Select Rehabilitation Corporation at the Villa Franciscan facility. SunDance is without knowledge or information sufficient either to admit or to deny the remaining allegations of Paragraph No. 12.

PARAGRAPH NO. 13:

SunDance continued to breach the terms of the Agreement from May of 2007 through September of 2007 at the other nine Provena Senior Services facilities:
        (a) SunDance breached the Agreement by failing to provide therapy services in compliance with physician orders on a six-day-perweek basis;
        (b) SunDance breached the Agreement by failing to provide therapy services during normal business hours from 9:00 a.m. to 5:00 p.m. at Provena Senior Services;
        (c) SunDance breached the Agreement by failing to maintain and deliver sufficient documentation for the purpose of sending bills to third-party payors; and
        (d) SunDance otherwise breached the Agreement causing financial damages to Provena Senior Services.

ANSWER:

Paragraph 13 states legal conclusions requiring no answer by SunDance. To the extent Paragraph No. 13 purports to allege facts, SunDance denies them.

PARAGRAPH NO. 14

Provena Senior Services complied with all material terms of the Agreement and performed the Agreement from January 1, 2002 through November 1, 2007.

ANSWER:

SunDance denies the allegations of Paragraph No. 14.

PARAGRAPH NO. 15:

Provena Senior Services terminated the Agreement effective November 1, 2007 due to the multiple breaches of contract committed by SunDance.

ANSWER:

SunDance admits that Provena terminated the agreement effective November 1, 2007.

SunDance denies the remaining allegations of Paragraph No. 15.

PARAGRAPH NO. 16:

As a direct and proximate result of the multiple breaches of contract committed by SunDance, Provena Senior Services suffered financial damages, which included the following:
   (a) Lost compensation from third-party payors due to the SunDance failure to provide staffing and appropriate coverage at the facilities;
   (b) Lost referrals due to physicians who would no longer refer patients as a result of SunDance's failure to provide adequate staffing and coverage at the facilities;
   (c) Lower RUG compensation due to SunDance's multiple breaches of contract; and,
   (d) Other financial damages which will be proven at trial.

ANSWER:

Paragraph 16 states legal conclusions requiring no answer by SunDance. To the extent Paragraph No. 16 purports to allege facts, SunDance denies them.

WHEREFORE, SunDance requests that Provena's counterclaim be dismissed in its entirety and with prejudice.

DATED:  February 4, 2008                    Respectfully submitted,

                                            SUNDANCE REHABILITATION
                                            CORPORATION


                                            By:    /Peter R. Bulmer/
                                                   Its Attorney

Peter R. Bulmer
Jackson Lewis LLP
320 West Ohio Street, Suite 500
Chicago, IL 60610
(312) 787-4949 (Telephone)
(312) 787-4995 (Facsimile)
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on February 4, 2008, the foregoing Plaintiff's Answer To Counterclaim was electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF system, which will send notification of such filing to the following counsel of record and CM/ECF participants:

> David J. Tecson, Esq.
> Ryan A. Haas
> Chuhak & Tecson, P.C.
> 30 Wacker Drive, 26th Floor
> Chicago, IL   60606

> /s/ Peter R. Bulmer
>      Peter R. Bulmer